**Edwin A. and Pauline TEEL et al.,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 73–2360.

United States Court of Appeals,
Ninth Circuit.

Jan. 15, 1976.

Douglas W. McQuaid (argued), of Aiken, St. Louis & Siljeg, Seattle, Wash., for plaintiffs-appellants.

Murray S. Horwitz, Atty. (argued), U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendant-appellee.

## OPINION

Before CHAMBERS and CARTER, Circuit Judges, and THOMPSON,[1] District Judge.

CHAMBERS, Circuit Judge:

Teel, Granberg and Blakesley were the sole shareholders and officers of Food Giant Management Corporation, Inc. which managed Food Giant No. 1, Inc., Food Giant No. 3, Inc., and Food Giant-Riverton, Inc., which were retail grocery stores located in the state of Washington. The stores encountered financial difficulties and in October, 1966, the state of Washington distrained the inventories to recover unpaid state taxes. On October 17, 1966, Granberg entered into "keeper power" agreements with the state whereby he regained control of the store inventories while assuming personal liability for the state taxes. The agreements apparently limited the right of the company to make expenditures with regard to the three stores. The continued operation of the stores proved unsuccessful, and on November 23, 1966, a receiver was appointed pursuant to a petition in a state suit pending against the stores.

This suit arises over the income and social security taxes withheld from the stores' employees for the quarter ending September 30, 1966, and for the portion of the following quarter prior to the appointment of the receiver. The Commissioner of Internal Revenue filed a claim with the receiver for the sums due. In his final report and account filed on April 16, 1968, the receiver held that the state of Washington, by reducing its claim to possession prior to the receivership, had precedence over all other taxing agencies. The commissioner accepted this finding and received no funds out of the corporation.

The commissioner then made a penalty assessment in the full amount of taxes due against the appellants under 26 U.S.C. Sec. 6672. Teel, Granberg, and Blakesley paid a portion of the sums due and brought this suit for refund. The government counterclaimed for the balance of the penalty.[2] The district court

---

1. The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

2. But for the government's counterclaim, this court might not be able to reach the issue of the validity of the penalty. This is because the taxpayer had not paid the whole penalty before filing.

entered summary judgment in favor of the government.

Appellants raise three allegations of error. First, they argue that summary judgment was improper because there was a material issue of fact as to the willfulness of their failure to pay over the taxes. Second, they allege that they cannot be charged with a willful failure to pay over the taxes accrued during the month of November because the time for payment did not arise until after a receiver was appointed. Third, they contend that under the doctrine of equitable estoppel, the commissioner is estopped from seeking these penalties because the Service failed to collect the tax funds from the receiver.

In order for a party to be liable for a penalty for failure to pay over taxes under 26 U.S.C. Sec. 6672, two things must be true: one, that the party assessed was a "responsible person" i. e. one required to collect, truthfully account for and pay over the tax, and two, that he willfully refused to pay the tax. *Pacific National Insurance v. United States,* 422 F.2d 26 (9th Cir. 1970). All the parties agree that Teel, Granberg and Blakesley were responsible persons under the statute. It is upon the second requirement that we must center our consideration. The question of willfulness is a factual one and if sufficiently controverted, would preclude the granting of a summary judgment on penalty liability. *Kalb v. United States,* 505 F.2d 506, 511 (2nd Cir. 1974). The rule in our circuit is that a " 'voluntary, conscious, and intentional act to prefer other creditors over the United States constitutes willful failure to pay over." *Sorenson v. United States,* 521 F.2d 325, 328 (9th Cir. 1975).

Appellants argue that there was a material issue of fact as to whether their failure to pay over was willful. They allege that prior to October 17, 1966, they thought that the withheld taxes had been deposited with the federal depository and so any failure to make these payments could not be willful. They further argue that after October 17, they believed that their agreement with the state barred any payments to the federal government, so that the failure to pay after that date was not willful either. The *Kalb* court considered the issue of to what extent belief that taxes had been paid over, when they had not, rendered the failure to pay nonwillful. The court rejected an argument that even lack of knowledge of nonpayment rendered the nonpayment willful because of a duty on the part of any responsible person to investigate to see that the payments were being made. The court instead held that for nonpayment to be willful there must be either knowledge of nonpayment or reckless disregard of whether the payments were being made. We find the reasoning of the *Kalb* court to be persuasive and hold that if the appellants could prove nonreckless ignorance of the failure to pay over, until the date of receivership, then no penalty under 26 U.S.C. Sec. 6672 could attach.

On the facts before us, however, it is uncontroverted that after October 17, 1966, the appellants knew that there had been arrearages in the payments of income and social security tax in the previous quarter and they continued not to pay the arrearages or the tax they withheld during October and November of 1966. Under the agreement with the state, the appellants, during the period of October 17, 1966 to November 23, 1966, used the distrained inventories in the continued operation of the stores. So after October 17, 1966, they used funds received from the sale of old inventories and the sale of new merchandise to pay cash for more new merchandise. The agreement seems sensible and honest. But the trouble is that as the cash went into the cash drawer, it became subject to trust or lien in favor of the federal government for the unpaid withholding taxes. By dissipating the cash for new purchases, of which the taxpayers knew, they unwittingly supplied the necessary willfulness. Because the failure to pay the arrearages and current tax after October 17, 1966, was

willful, any factual issue as to ignorance of nonpayment prior to October 17, 1966, is not material.

■ Appellants assert that their failure to pay after October 17, 1966, was not willful because they believed that their agreement with the state prevented them from making payments. An agreement with the state of Washington cannot relieve the corporation or appellants of the obligation to pay over withheld income and social security taxes. Their belief that the agreement did so was a mistake. A mistaken belief on the part of the responsible person that the tax need not or cannot be paid over does not suffice to render the failure to pay nonwillful. *Sorenson v. United States, supra.* Therefore on the record before us there is no material issue of fact as to the willfulness of the failure to pay.

■ Appellants also make the more limited argument that they cannot be charged with a willful failure to pay over the taxes accrued during the month of November because the time of payment did not arise until after the receiver was appointed. As the employer withholds taxes from the employees, a contingent liability is created. The liability merely becomes fixed on the date when the payments are due. Thus the liability for the tax withheld from November 1 through November 23 attached to the appellants at the time they withheld the tax. *Kalb v. United States, supra.*

■ Finally, the appellants argue that because the government failed to exercise a priority of its lien over the assets of the corporation in the receivership proceedings, it should be estopped from collecting the penalty from the appellants. A proceeding under Sec. 6672 deals with a totally independent liability from that of the corporation. The failure to exercise any rights in the proceeds does not establish an estoppel in this case.

The judgment of the district court is affirmed.