In re Robert R. MYERS, Debtor.

Robert R. MYERS, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Idaho Tax Commission and Idaho Department of Employment, Defendants.

Adv. No. 83–0580.

United States Bankruptcy Court, D. Idaho.

Jan. 13, 1984.

Jeanette I. Thiel, Lewiston, Idaho, for plaintiff.

Michael F. Kovach, Jr., Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., and Guy G. Hurlbutt, U.S. Atty., D. Idaho, Boise, Idaho, for defendant I.R.S.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter is before the Court pursuant to 11 U.S.C. 505(a)(1) for decision after trial. Plaintiff debtor Robert R. Myers seeks a determination that he is not personally liable under 26 U.S.C. 6672(a) for tax liabilities not paid by Airport Restaurant, Inc. I find the facts to be as follows.

### I.

Plaintiff and his wife, Betty Jean Myers, were the sole stockholders of a corporation known as Airport Restaurant, Inc., which corporation operated a restaurant and bar at the Lewiston Municipal Airport. The active management of the day to day operation of the business was done by Betty Jean Myers. However, plaintiff debtor was a director and officer of the corporation. As such, he had authority to write checks upon the corporation's account and he prepared all corporate tax returns, payroll checks, and computed all payroll deductions. Debtor is a practicing licensed accountant.

### II.

The Internal Revenue Service (IRS) asserts, under § 6672(a) of the Internal Revenue Code, that plaintiff is personally liable for the corporation's unpaid federal trust fund (withheld) taxes for the second quarter of the year 1981 and two months of the third quarter of said year.

### III.

Plaintiff and his wife had separated in April of 1981, and at that time by mutual agreement, his wife became sole manager of the restaurant and lounge.

### IV.

Subsequent to the separation of the parties, debtor worked in the bar and lounge portion of the business without remuneration and did continue to prepare the payroll checks for all employees, draw checks on the corporate account, pay rent and utilities, and purchase liquor and beer for the bar. Plaintiff and his wife, after some negotiation, entered into a property settlement agreement dated August 28, 1981, by which all of the stock in the Airport Restaurant, Inc. was transferred to plaintiff's wife. This property settlement was confirmed by the final divorce decree entered on September 15, 1981. Prior to the date of the property settlement agreement and official entry of divorce, no action was taken by debtor or his ex-wife to terminate debtor's status as an officer and director of the corporation nor was he at any time deprived of the authority to sign drafts on corporate accounts or to pay corporate debts.

Based on the foregoing, I reach the following conclusions of law.

### CONCLUSIONS OF LAW

1. Plaintiff debtor was a "responsible person" in the corporation Airport Restaurant, Inc. during the second and third quarters of 1981 within the contemplation of 26 U.S.C. 6672(a) and 6671(b), and "willfully" failed to pay the corporate federal taxes in question. *Klotz v. United States,*

602 F.2d 920 (9th Cir.1979); *Teel v. United States,* 529 F.2d 903 (9th Cir.1976); *Sorenson v. United States,* 521 F.2d 325 (9th Cir.1975); *Pacific National Insurance v. United States,* 422 F.2d 26 (9th Cir.1970), cert. den. 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970). See also *Howard v. United States,* 711 F.2d 729 (5th Cir.1983).

2. Plaintiff debtor is subject to the penalty assessable under 26 U.S.C. 6672(a) by the Internal Revenue Service.

 3. Plaintiff debtor is personally liable for the unpaid taxes owed by Airport Restaurant, Inc. in the amount of $7,471.61, assessable as a penalty under § 6672 of the Internal Revenue Code, which obligation is nondischargeable in debtor's personal bankruptcy. 11 U.S.C. 523(a)(1); 507(a)(6)(C).

Counsel for the United States is to prepare a formal judgment in accord with the foregoing findings of fact and conclusions of law for my signature.