**In re Shirley M. ZAUSS, Debtor.**

**Bankruptcy No. 89–27569–D.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Nov. 18, 1991.

**684**

David M. Monypeny, Lowrance & Monypeny, P.C., Memphis, Tenn., for debtor.

Carol Priest, U.S. Dept. of Justice, Tax Div., Washington, D.C., Gary Vanasek, U.S. Atty., Memphis, Tenn., for I.R.S.

## MEMORANDUM OPINION AND ORDER ON DEBTOR'S OBJECTION TO THE CLAIM OF THE INTERNAL REVENUE SERVICE

BERNICE BOUIE DONALD,
Bankruptcy Judge.

This above-styled core proceeding [1] came on for hearing August 20, 1991, on the debtor's objection under F.R.B.P. 3007 to the proof of claim filed by the United States of America on behalf of the Internal Revenue Service (hereinafter "IRS"). The following shall constitute findings of fact and conclusions of law pursuant to F.R.B.P. 7052.

### FINDINGS OF FACT

On September 27, 1989, the debtor, Shirley Zauss (hereafter "Mrs. Zauss"), filed a petition under Chapter 13 of the Bankrupt-

1. 28 U.S.C. § 157(b)(2)(B).

cy Code. See 11 U.S.C. § 301. Subsequently, in accordance with F.R.B.P. 3002, the IRS filed a proof of claim for taxes presumptively owed by the debtor pursuant to the assessment of one hundred percent (100%) penalties against her, in accordance with Section 6672 of Title 26 of the United States Code.

These penalties were assessed against Mrs. Zauss as a result of her role in the operation of her husband's business, Blue Fountain Pools, Incorporated, a Texas corporation engaged in the business of building swimming pools. Mr. Zauss was the president, secretary and sole shareholder of the corporation. Mrs. Zauss served as treasurer, and in 1985 became vice-president. The Zauss' were also directors of the corporation. Until the corporation filed bankruptcy in late 1986, Mrs. Zauss was closely involved in various aspects of the daily operation of the business, including bookkeeping responsibilities. Moreover, Mrs. Zauss had check signing authority.

On April 23, 1986, Delbra Buyers, a revenue officer with the Internal Revenue Service, contacted the corporation regarding delinquent employee withholding taxes for the third and fourth quarters of 1985, and the first and second quarters of 1986. Ms. Buyers took the statement of Mr. Zauss on April 24, 1986 and the statement of Mrs. Zauss on May 1, 1986. During the initial interview, Mrs. Zauss stated that her duties, included "bookkeeping, making financial decisions with her husband and performing any other services required in the office."

Further, Mrs. Zauss explained that the reason the corporation did not pay the employment tax liabilities in question was because of bookkeeping error. Mrs. Zauss explained that she thought they had been paid. When asked what action was taken to see that the tax liabilities were paid, Mrs. Zauss stated that they took in a new bookkeeper to insure better bookkeeping, but that there was no money to pay the liability. Mrs. Zauss admitted that other

obligations were paid while the tax liabilities were accruing.

The facts remain in dispute as to the exact time that Mrs. Zauss discovered that the taxes were in fact delinquent. Mrs. Zauss asserts that she first discovered the delinquencies when Ms. Buyers, the revenue officer, made a visit to the corporation in April, 1986. However, the government, based on the statement of Mrs. Zauss, asserts that Mrs. Zauss had knowledge of the tax delinquency in January, 1986.

## ISSUE

The sole issue for judicial determination is whether, as a former bookkeeper and officer of her husband's business, the debtor should be held liable, as a responsible person under Section 6672(b) of the Internal Revenue Code, for delinquent withholding taxes arising out of the operation of the bankrupt business?

## DISCUSSION

The Internal Revenue Code requires employers to withhold from their employees' pay wages representing the employees' personal income taxes and social security taxes.[2] See also, *Mazo v. United States*, 591 F.2d 1151, 1152 (5th Cir.1979); *Anderson v. United States*, 561 F.2d 162, 165 (8th Cir.1977); *Datlof v. United States*, 252 F.Supp. 11 (E.D.Pa.1966); *aff'd* 370 F.2d 655 (3d Cir.1966), *cert. denied,* 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967). The employer holds these funds in trust for the United States[3], and are commonly referred to as "trust fund taxes".

Each time a business meets its net payroll, it is presumed to have withheld the taxes required by law to be withheld. *Bedford v. United States*, 39 A.F.T.R.2d 1246 (E.D.Wis.1976). The withheld taxes constitute a special trust fund in favor of the United States. Employers are required to account for these withholdings periodically and pay them over to the government. *Anderson v. United States, supra* at 165; 26 U.S.C. § 7501. When net wages are paid to the employee, the taxes that were,

or should have been, withheld are credited to the employee even if they were never remitted to the government. *Mazo v. United States, supra* at 1153; *Garsky v. United States*, 600 F.2d 86, 89 (7th Cir. 1979); *Feist v. United States*, 221 Ct.Cl. 531, 607 F.2d 954, 957 (1979); *Newsome v. United States*, 431 F.2d 742, 744 (5th Cir. 1970). If the employer fails to pay over the trust fund taxes, the Internal Revenue Service (hereafter "IRS") may collect an equivalent amount directly from officers or employees of the employer who were responsible for collecting the tax. *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990).

Section 6672(a) of the Internal Revenue Code provides:

> (a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of Chapter 68 for any offense to which this section is applicable.

Section 6672(a) was designed to assure compliance by the employer with its obligation to withhold and pay the sums withheld. This is accomplished by subjecting the employer's officials responsible for the employer's decisions regarding withholding and payments to civil and criminal penalties for the employer's delinquency. *Slodov v. United States*, 436 U.S. 238, 247, 98 S.Ct. 1778, 1785, 56 L.Ed.2d 251 (1978).

Congress has provided by statute that if a corporate employer does not pay over to the government taxes it has withheld, or should have withheld, from the wages of its employees, any person or persons who were under a duty to collect the taxes, to account for the taxes or to pay over the

---

**2.** I.R.C. § 3102(a) (West 1989).

**3.** I.R.C. § 3402(a) (West 1989).

taxes, and who acted *willfully* in respect of the failure to collect, to account for or to pay over the taxes is personally liable for their payment in the amount of the taxes not collected, not accounted for, or not paid over to the government when due as a one hundred percent (100%) penalty. *See,* 26 U.S.C. §§ 6671 and 6672 ("Sections 6671 and 6672"); *Slodov v. United States, supra, quoting* Section 6671; *Bedford v. United States, supra* at 1247; *Liddon v. United States,* 448 F.2d 509, 512 (5th Cir. 1971). The Statute imposes liability only upon (1) a responsible person, who has (2) willfully failed to collect, account for, or pay over the trust fund taxes. *Thibodeau v. United States,* 828 F.2d 1499, 1503 (11th Cir.1987).

■ A responsible person within the meaning of Section 6672 includes an officer or employee of a corporation who is under a duty to collect, account for, or pay over the withheld tax. Responsibility is a "matter of status, duty and authority, not knowledge." *Mazo v. United States,* 591 F.2d 1151, 1156 (5th Cir.1979).

■ Section 6672 was designed to cut through the shield of organizational form and impose personal liability upon those actually responsible for an employer's failure to withhold the taxes, for the employer's failure to account for the taxes, or for the failure to pay over the tax. *First American Bank and Trust Company v. United States,* 43 A.F.T.R.2d 739, 742 (W.D.Okla.1979); *Werner v. United States,* 374 F.Supp. 558, 562 (D.Conn.1974), *aff'd,* 512 F.2d 1381 (2d Cir.1975); *Koegel v. United States,* 437 F.Supp. 176, 180 (S.D.N.Y.1977). Indicia of responsibility includes the holding of corporate funds, stock ownership, and the ability to hire and fire employees. It is undisputed that more than one person may be a responsible person of the corporation under Section 6672. *Id.,* at 1503. *Thibodeau v. United States,* at 1503.

■ As earlier stated, to find liability under Section 6672, a two-fold test is applied. First, the person or persons against whom a tax is assessed must have the authority to direct or control the payment of corporate funds. Secondly, such responsible person or persons must have willfully failed to comply with the requirements of collecting, of accounting for or of paying over the taxes.

■ Nonetheless, mere office holding of and by itself does not render one responsible for the collection and paying over of employee withholding taxes. *Bauer v. United States,* 211 Ct.Cl. 276, 543 F.2d 142, 149 (1976). Furthermore, the mechanical duties of signing checks and preparing tax returns are not solely determinative of liability under Section 6672. *Godfrey v. United States,* 748 F.2d 1568, 1575 (Fed. Cir.1984).

■ However, in the case at hand, Mrs. Zauss was secretary and vice-president of Blue Fountain Pools, Inc. She had bookkeeping responsibilities up until 1985, and from all accounts, continuously had sufficient understanding and contacts with the day-to-day operations of the corporation. Though check signing authority and the preparation of tax returns are not determinative of Section 6672 liability, such acts can and in the case at hand, do weigh heavily in finding that Mrs. Zauss was an employee who had a duty and authority to collect, account for and pay over the withheld taxes.

In *In re Fernandez,* 130 B.R. 757 (Bkrtcy.W.D.Mich.1991), the debtors operated a construction company, Medina Construction, initially as a sole proprietorship, and subsequently as a corporation. The husband acted as president, wherein his duties included bidding prices on contracts, executing contracts, paying creditors and employees, and hiring and firing employees. The wife's role was more secretarial or clerical in nature. She was responsible for signing checks when her husband was not in the office, determining payroll and calculating withholding taxes.

Medina Construction had only one checking account when it operated as a sole proprietorship and as a corporation. The Debtors made nearly all payments necessary for the business through this account including paying employee wages. Both

Debtors made withdrawals and deposits of corporate funds on this account.

During most of its existence, Medina Construction was a subcontractor for Muskegon Asphalt Paving Company (hereinafter "Muskegon Asphalt"). In order to pay its employee's wages, Medina Construction sent certified wage forms to Muskegon Asphalt who then advanced a single check for the wages. Medina Construction deposited the check in the corporate checking account and then issued separate, individual checks to its employees for salaries.

Nearly from its inception, Medina Construction failed to remit its payroll taxes to the government. Both Debtors were aware of the delinquent taxes. Fernandez signed nearly all of Medina Construction's payroll tax returns (Form 941). The company's accountant taught the wife how to calculate withholding taxes and informed her of the procedure for paying the taxes. Yet, neither Debtor paid the taxes.

During the period the taxes were not being paid, the Debtors continued to sign and issue checks on behalf of Medina Construction to pay other creditors, including suppliers and employee wages. The Debtors continued to pay net payroll each week and neglected paying withholding taxes. The main reason the Debtors paid other creditors rather than the government was to continue the corporation's business operations.

On August 11, 1986, the I.R.S. assessed a 100 percent penalty against the Debtors in the amount of $37,108.50. In addition, the Debtors were assessed tax liabilities for failure to pay over federal income taxes.

The *Fernandez* Court relying on the 6th Circuit case of *Gephart v. U.S.*, 818 F.2d 469, amongst others, reasoned:

It is well established that the test for determining the responsibility of a person under Section 6672 is essentially a functional one, focusing upon the degree of influence and control which the person exercised over the financial affairs of the corporation and, specifically, disbursements of funds and the priority of payments to creditors. *United States v. Davidson,* 558 F.Supp. 1048, 1052

(W.D.Mich.1983). Section 6671(b) of the Internal Revenue Code ... defines the word "person" to include "an officer or employee of a corporation ... who as such officer or employee ... is under a duty to perform the act in respect of which the violation occurs."

Among the specific facts which courts have relied upon in determining whether individuals were persons responsible for the payment of taxes withheld from the wages of employees are: (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors, and shareholders of the corporation; (4) the identity of the individual who hired and fired employees; (5) the identity of the individuals who were in control of the financial affairs of the corporation. *Braden v. United States,* 318 F.Supp. 1189, 1194 (S.D.Ohio 1970), *aff'd,* 442 F.2d 342 (6th Cir.), *cert. denied,* 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185 (1971). 818 F.2d at 473.

Personal liability under section 6672 is based on an individual's significant, as opposed to absolute, control of corporate finances. The responsibility is a matter of status, duty, and authority, and it is not essential for the person to have the final word on which creditors should have be paid. It is only essential for the individual to have *significant* control over disbursement of funds. *Gephart,* 818 F.2d at 473.

Thus, the court found that the Fernandezes were liable as responsible persons. Similarly, based on a test of substance and not form, the clear language of Section 6672 and considerable case law interpreting the term "responsible party", the fair determination in this case, is that Mrs. Zauss falls within the category of individuals who were intended by the IRS to be held liable for the assessment of withholding taxes. This determination is a fair one, despite the fact that Mrs. Zauss did not have broad control and authority in the corporation.

█ Once it is established that the debtor has the requisite responsibility or duty

under the statute to collect, account for and pay over withheld taxes, the IRS must demonstrate that the failure to pay such tax was "willful". It consistently has been held that the term "willfully" as used in Section 6672 does not have the same meaning as when used in the Internal Revenue Code to impose criminal liability. *Datlof v. United States*, 252 F.Supp. 11, 33 (E.D.Pa. 1966). Instead, it means a deliberate choice voluntarily, consciously and intentionally made to pay other creditors instead of the United States. *Teel v. United States*, 529 F.2d 903, 905 (9th Cir.1976). Indeed, the Sixth Circuit in *Braden v. United States*, 442 F.2d 342, 344 has interpreted willful to mean that where the responsible person:

> ... was aware of the fact that taxes were unpaid, and possessing the power and responsibility to pay them, failed to do so, then he is liable for the penalty of section 6672 notwithstanding his lack of malice or wrongful purpose.

Proof of bad motive, such as an intent to defraud or deprive the United States of the withheld taxes, is not required. *Barnett v. United States*, 594 F.2d 219 (9th Cir.1979) *Bloom v. United States*, 272 F.2d 215 (9th Cir.1959), *cert. denied*, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960).

 courts have held that the willfulness requirement is satisfied upon a showing that the person responsible for paying employment taxes acted with reckless disregard as to whether or not the withheld taxes were to be remitted to the United States. *Teel v. United States*, 529 F.2d 903 (9th Cir.1976); *Godfrey v. United States*, 748 F.2d 1568 (Fed.Cir.1984). The *Godfrey* Court held that reckless disregard includes a failure to investigate or correct mismanagement after receiving notice of a withholding tax delinquency. The willfulness requirement is also met if there is evidence that the responsible person had knowledge of payments to other creditors after he was aware of the failure to remit the withheld taxes. *Mazo v. United States*, 591 F.2d at 1157. Furthermore, the knowledge requirement is relaxed when dealing with corporate officers. The court

in *Johnson v. United States*, 583 F.Supp. 127 (W.D.Ky.1984) held that a president of a corporation by the very nature of his corporate office should be aware of the failure to pay over withheld trust fund taxes.

██ payment of net wages in circumstances where there are no available funds in excess of net wages from which to make withholding also constitutes a willful failure to collect and pay over under Section 6672. *Sorenson v. United States*, 521 F.2d 325, 328 (9th Cir.1975). In essence, this requires an employer to prefer the United States over his workers. In fact, based on section 6672, as written, there is no authority for an employer to prefer *any* creditors over the United States. *Id.*, at 328–329.

As above-stated, Mrs. Zauss admitted in her statement to the Internal Revenue officer, that a new bookkeeper was hired to ensure better bookkeeping after the tax liabilities were discovered, but that the corporation was without funds to pay the liability. She also stated that other obligations were paid while the tax liabilities were outstanding. In light of the debtor's knowledge and her position as a corporate officer, in addition to the fact that this was a closely-held corporation where information could be disseminated easily, the court finds that the willful element is satisfied.

██ ██ further delineate the debtor's liability, it must be noted that a responsible person's duty for purposes of section 6672 liability, is a continuing one which arises when the federal income and social security taxes are withheld from employees' wages and ends when such funds are paid over to the United States. *Newsome v. United States*, 431 F.2d 742, 745. A mistaken belief on the part of the responsible person that the funds need not or cannot be paid does not render the failure to pay unwillful. *Teel v. United States*, 529 F.2d 903, 906 (9th Cir.1976).

Therefore, Mrs. Zauss' liability does not end until the taxes are paid over to the Internal Revenue Service. Since this pay-

ment has not been made, Mrs. Zauss remains liable.

## CONCLUSION

In conclusion, the court finds that the debtor is a responsible person within the meaning of Section 6672 of the Internal Revenue Code. The court also finds that the debtor willfully failed to collect, account for and pay over withheld taxes owed to the Internal Revenue Service. Therefore, the debtor is liable for the outstanding tax obligations and shall remain so until these taxes are paid.

Thus, in accordance with the court's findings, the proof of claim of the Internal Revenue Service is allowed and the debtor's objection thereto is overruled.

IT IS SO ORDERED.