990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re EQUIPMENT FABRICATORS, INC., Debtor.
Fred H. SONNTAG, Plaintiff-Appellant,
v.
UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 91-16748.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1993.*
Decided March 23, 1993.
 
 Before WILLIAM A. NORRIS, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred H. Sonntag, trustee for Chapter 11 debtor Equipment Fabricators, Inc., appeals the district court's reversal of the bankruptcy court's grant of summary judgment in Sonntag's favor. The district court held that the debtor could not designate how the IRS is to allocate tax monies which Equipment Fabricators paid to the IRS following the company's liquidation, and that the bankruptcy court did not have authority to order a particular allocation in this situation. We have jurisdiction of this timely appeal under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Sonntag brought this action in an effort to compel the Internal Revenue Service ("IRS") to apply its pro rata distribution share of the bankruptcy estate's assets first to the estate's tax liability incurred after Sonntag's appointment as trustee. Such an allocation would effectively eliminate Sonntag's personal liability under 26 U.S.C. § 6672 for the debtor corporation's failure to pay over to the government taxes it withheld from employees' wages during the period in which Sonntag was trustee and operating the company. The allocation demanded by Sonntag would disadvantage the IRS as a creditor of Equipment Fabricators, and would benefit no one other than Sonntag himself.
 
 
 4
 Sonntag's only argument on appeal is that the IRS's refusal to allocate the tax payment in a manner which would eliminate his personal liability "in effect" makes him liable for tax obligations the debtor incurred before Sonntag was appointed trustee. We reject this contention. The IRS has only assessed Sonntag for an amount equal to the withholding taxes not paid over to the government during the period in which he was trustee. Under § 6672, Sonntag is liable for that amount--a fact which he does not contest. In no sense does the IRS's position impose on Sonntag liability for amounts owing prior to his appointment.
 
 
 5
 Sonntag's reliance on Slodov v. United States, 436 U.S. 238 (1978) is misplaced. In Slodov, the Court addressed the question whether the petitioner was personally liable under § 6672 for unpaid taxes withheld from wages prior to his assumption of control of the delinquent corporations. In the present case, however, Sonntag has only been held liable under § 6672 for unpaid taxes withheld from wages after he was appointed trustee and began operating Equipment Fabricators. Furthermore, Sonntag's argument that the IRS's decision to seek satisfaction of the post-appointment tax liability from him rather than from the debtor as a practical matter makes him liable for pre-appointment obligations ignores the rule that the government may choose whether to collect the withholding taxes from the corporation or from a responsible person such as Sonntag. Teel v. United States, 529 F.2d 903, 906 (9th Cir.1976); United States v. Pepperman, 976 F.2d 123, 127 (3d Cir.1992); Cash v. United States, 961 F.2d 562, 566 (5th Cir.), cert. denied, 113 S.Ct. 492 (1992).
 
 
 6
 Moreover, as the district court correctly held, this court's decision in In re Technical Knockout Graphics, Inc., 833 F.2d 797 (9th Cir.1987), disposes of Sonntag's claim. In that case we held that a corporate debtor cannot designate allocation of tax payments. Id. at 798. And as the district court also correctly determined, the bankruptcy court below did not have authority to order the IRS to allocate the tax payment in the manner Sonntag sought. The bankruptcy court can only order a particular allocation where necessary for the success of a reorganization plan, an imperative not present where, as in the present case, the corporate debtor has been liquidated. See United States v. Energy Resources Co., 110 S.Ct. 2139, 2141-42 (1990); In re GLK, Inc., 921 F.2d 967, 968 (9th Cir.1990), cert. denied, 111 S.Ct. 2797 (1991); Pepperman, 976 F.2d at 129-30.
 
 
 7
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3