**Eric ASHBY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**UNITED STATES of America, Counterclaim Plaintiff,**

v.

**Eric ASHBY, Counterclaim Defendant.**

**No. CV–N–92–293–HDM.**

United States District Court, D. Nevada.

March 24, 1994.

Kevin J. Mirch, Reno, NV, for plaintiff.

Bernard J. Knight, Jr., U.S. Dept. of Justice, Washington, DC, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

McKIBBEN, District Judge.

The court enters its findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52 as follows:

### FINDINGS OF FACT

1. Plaintiff Ashby seeks a refund of the taxes assessed against him under 26 U.S.C. § 6672 with respect to unpaid, withheld income and FICA taxes of the Threshold Group, Inc. for the quarters ending December 31, 1986, March 31, 1987, and June 30, 1987.

2. The United States does not dispute Ashby's contention that he has no obligation for the quarter ending June 30, 1987. The quarters in dispute in this action are those ending December 31, 1986 and March 31, 1987.

3. The corporation, Threshold Group, Inc., was formed in 1981 and sold automobile stereo equipment in Fremont, California.

4. Eric Ashby was a director, officer and employee of the corporation. He was secretary and assistant treasurer of the corporation.

5. During 1986, the corporation, Threshold Group, Inc., began having financial problems. On November 19, 1986, Eric Ashby's father, C.T. Ashby, called a meeting of the corporation at which time Eric Ashby was elected as president of the corporation and a member of its board of directors.

6. At the meeting, there was a discussion about the failure of the corporation to pay its federal employment taxes to the government.

7. After the November meeting, Eric Ashby was a signatory on the corporation's checking account and regularly signed corporate checks.

8. Eric Ashby exercised substantial control over the corporation's finances after the November meeting and until he left the corporation.

9. After November, the corporation was unable to pay its creditors on a timely basis, and Eric Ashby was directly involved in the decision-making process as to which creditors to pay.

10. Creditors were paid after the November meeting even though the corporation continued to withhold payments on its federal employment taxes.

11. Eric Ashby had discussions with a representative of the Internal Revenue Service after the November meeting and discussed the corporation's failure to pay its employment taxes to the government.

12. After the November meeting, Eric Ashby's responsibilities included making bank deposits, purchasing equipment, ordering supplies, managing the sales department and handling personnel matters and payroll.

13. Even though Eric Ashby obtained additional funds from C.T. Ashby for the purpose of continuing the operation of the corporation, none of these funds were used to pay the corporation's federal employment taxes.

14. On May 7, 1990, an assessment was made pursuant to 26 U.S.C. § 6672 against Eric Ashby for his willful failure to collect, and truthfully account for and pay over, employment taxes of the corporation in the amount of $18,763.62. This represented payments for the tax periods ended December 31, 1986 and March 31, 1987.

### CONCLUSIONS OF LAW

1. The Internal Revenue Code requires employers to withhold from their employees' pay checks, money representing the employees' personal income taxes and social security taxes. 26 U.S.C. § 3102(a) and 3402(a). If an employer fails to pay the trust fund taxes, the government may collect an equivalent sum directly from the officers or employees of the employer who are responsible for collecting the tax. 26 U.S.C. § 6672. These individuals are referred to as responsible persons. *Slodov v. United States,* 436 U.S. 238, 244–45, 98 S.Ct. 1778, 1783–85, 56 L.Ed.2d 251 (1978).

2. Any amounts withheld are held in trust for the United States and may not be used by the corporation as working capital for the business. *Kalb v. United States,* 505 F.2d 506, 509 (2d Cir.1974), *cert. denied,* 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975).

3. 26 U.S.C. § 6672(a) provides in pertinent part as follows:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall, ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

Under § 6672, the government may recover the trust funds from the person or persons responsible for insuring that the funds were collected and remitted to the United States.

The court must consider two factors in determining whether liability exists under § 6672. First, the court must determine whether the person was responsible, and second, whether the failure to collect, account for and pay over the trust funds was willful.

4. The term "person" as used in §§ 6671 and 6672 of the Code, includes an officer or employee of the corporation who

was under a duty to collect and remit the taxes to the United States. The court concludes that Eric Ashby was a responsible person under the meaning of §§ 6671 and 6672 of the Code. He was president of the corporation; he was a signatory on the corporation's checking account and routinely signed checks on behalf of the corporation; he was an incorporator of the corporation; he had the authority to hire and fire employees; he jointly controlled the corporation's financial affairs with other officers; he, along with other officers, collectively determined which creditors would be paid first when the corporation could not pay all of its creditors on a timely basis; and he made bank deposits, purchased equipment, ordered supplies and managed the sales department and handled the payroll. Therefore, the court concludes that Eric Ashby is a responsible person under § 6672.

■ The assessment of a penalty is entitled to a presumption that it is correct. Introduction of the assessment establishes a prima facie case in favor of the government. *United States v. Molitor*, 337 F.2d 917, 922 (9th Cir.1964). The certificate of assessments and payments for Eric Ashby with respect to the assessment made against him pursuant to 26 U.S.C. § 6672 showed liability in this action in the amount of $7,808.07. The government may allocate payments made with respect to an assessment pursuant to § 6672 in its best interest. *Davis v. United States*, 961 F.2d 867, 878–880 (9th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 969, 122 L.Ed.2d 124 (1993).

■ The amounts assessed against Eric Ashby have also been assessed against C.T. Ashby, Mac Innes and Gall who were also officers and employees of the corporation. The government has the right to determine that it is in the government's best interest to apply payments or credits attributable to other assessed persons, known as related taxpayer payments, first to taxable quarters for which the plaintiff is not liable, thereby leaving a greater balance due on the quarters for which the plaintiff remains liable—specifically, the quarters ended December 31, 1986 and March 31, 1987. The government lawfully reallocated a portion of all of the related taxpayer payments appearing on the certificate of assessments and payments to unpaid taxable quarters for which other assessed persons remain liable.

■ With respect to accrued interest, the Internal Revenue Service is entitled to collect statutory interest on the amount of any unpaid tax from the date prescribed for payment until paid. 26 U.S.C. §§ 6601 and 6621. The government is not required to make a separate assessment of interest accrued on the unpaid liability in order to collect that interest.

■ When related taxpayer payments are reallocated, the accrued interest is recalculated on the outstanding balance as if the reallocated amounts were never credited to the plaintiff's account. Therefore, interest may be recalculated for the entire period that the assessment remained unpaid.

■ The plaintiff conceded at trial that he made no payments to the Internal Revenue Service with respect to the assessments at issue in this case. All the payments appearing on the certificate of assessments and payments were made by other assessed persons. Therefore, the government properly applied the plaintiff's refund offsets for the taxable years 1989–1992 to this liability and credited such offsets to the plaintiff's liability for the taxable quarters at issue in this suit. The government also properly gave the plaintiff credit for some of the related taxpayer payments and reallocated some of those payments by other persons listed in the certificate of assessments and payments to taxable quarters for which the plaintiff is not liable, but for which the other assessed persons are liable.

■ Finally, the court concludes that plaintiff's conduct was willful. Willful conduct is the voluntary, conscious or intentional act to prefer other creditors over the United States. *Davis,* 961 F.2d at 871. In *Teel v. United States,* 529 F.2d 903, 905 (9th Cir. 1976), the Court of Appeals held that after a responsible person knows of the unpaid tax liability, any money coming into the corporation from any source must be paid to the United States. If it is not remitted, a willful

failure to remit the taxes has occurred. A mistaken belief that the tax need not be paid or cannot be paid does not render the failure to pay non-willful. *Id.* at 906.

 Plaintiff first gained knowledge of the corporation's failure to pay its employment taxes to the government at the November meeting. He also was aware of the corporation's continuing failure to pay its employment taxes during his tenure as president of the corporation. These factors establish the plaintiff's willfulness.

In addition, plaintiff failed, or refused to take affirmative steps, to insure that the taxes withheld from the wages of the employees of the corporation were paid over to the United States once he learned of the unpaid tax liabilities. These factors render the plaintiff liable to the United States for the assessed penalties.

Any findings of fact found to be conclusions of law shall be deemed to be conclusions of law. Any conclusions of law found to be a finding of fact shall be deemed to be a finding of fact.

Therefore, it is ORDERED and ADJUDGED that judgment be entered in favor of the United States and against Eric Ashby in the amount of $7,807.75, together with interest at the statutory rate set forth in 26 U.S.C. § 6621(a) from February 4, 1994 until the date of judgement. Thereafter, interest shall be at the rate set forth in 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621(a) until paid.