57 F.3d 1078
 76 A.F.T.R.2d 95-5176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert W. STRICKLAND, III, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35951.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1995.*
Decided June 13, 1995.
 
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is a suit for refund of a 100% civil penalty assessed under 26 U.S.C. Sec. 6672 for willful failure by a responsible person to pay withheld payroll taxes to the IRS. The United States counterclaimed for the portion of the penalty assessed but unpaid. The district court granted summary judgment to the United States on the issue of "willfulness" and Albert W. Strickland, III, appeals this ruling. The parties are familiar with the facts, so we need not recite them here.
 
 
 3
 "Willfulness" for purposes of 26 U.S.C. Sec. 6672 is defined in this circuit as "a voluntary, conscious and intentional act to prefer other creditors over the United States." Davis v. United States, 961 F.2d 867, 871 (9th Cir.1992) (internal quotations omitted), cert. denied, 113 S.Ct. 969 (1993). It is undisputed that after Strickland became aware of Tech Development Corporation's failure to remit quarterly taxes, he paid corporate funds to other creditors. Thus, Strickland's business justifications for making certain payments first are irrelevant. "[C]onduct motivated by a reasonable cause may nonetheless be willful." Id.; see also Purcell v. United States, 1 F.3d 932, 938 (9th Cir.1993) ("Every such payment was a voluntary, conscious and intentional act to prefer other creditors over the United States." (Internal quotation omitted)). As in Purcell, Davis controls our decision here, establishing Strickland's willfulness as a matter of law. See Purcell, 1 F.3d at 938.
 
 
 4
 Strickland's reliance on Dudley v. United States, 428 F.2d 1196 (9th Cir.1970), and Feist v. United States, 607 F.2d 954 (Ct.Cl.1979), does not advance his argument because both cases are distinguishable. The taxpayers in these cases did not pay other creditors while knowing that withheld taxes were owed to the government. See Dudley, 428 F.2d at 1198-99 (taxpayer unaware that IRS check, which was not presented for payment for over a month, had been dishonored by the bank); Feist, 607 F.2d at 962 (United States Court of Claims case which held taxpayer's actions were not willful under the "special circumstances of the case," where he "did not ... prefer other creditors").
 
 
 5
 Strickland's argument that under Slodov v. United States, 436 U.S. 238 (1978), his actions were not willful to the extent that the withheld funds were dissipated before he became aware they had not been paid over to the government, is not tenable in light of Davis. See Davis, 961 F.2d at 878 (declining to extend Slodov to cases in which the responsible person presided over both the initial loss of the trust funds and subsequent diversion of after-acquired property, because this "would ignore Slodov 's plain language and analytical foundations, as well as frustrate the remedial and deterrent purposes of section 6672"). We decline Strickland's invitation to revisit the holding or underpinnings of Davis.
 
 
 6
 That Strickland was understandably very concerned about the nonpayment of the taxes and that he was prevented from implementing his plan to take care of the taxes do not create genuine issues of material fact where the undisputed evidence shows he paid other creditors while knowing that the withheld taxes owed to the United States had not been paid. "The question of willfulness is a factual one and if sufficiently controverted, would preclude the granting of summary judgment on penalty liability." Teel v. United States, 529 F.2d 903, 905 (9th Cir.1976) (emphasis added). It is not sufficiently controverted in this case.
 
 
 7
 Rykoff v. United States, 40 F.3d 305 (9th Cir.1994), which addressed the parties' dispute concerning the standard of review of the district court's determination of the willfulness issue after a bench trial, does not assist Strickland's claim that summary judgment was inappropriate in this case. Rykoff focused on the fact that the taxpayer had made bona fide arrangements with a bank for payment of the taxes. See id. at 307. Aside from the fact that no such arrangements were made in this case, Rykoff involved review of a bench trial and does not undermine the ability of a district court to properly rule as a matter of law that willfulness exists when the genuine material facts are undisputed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3