NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRISTOPHER DREYER,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 24-906

D.C. No.
5:22-cv-01254-PA-kk

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 26, 2025[**]
Pasadena, California

Before: NGUYEN and MENDOZA, Circuit Judges, and KERNODLE, District
Judge.[***]

Plaintiff-Appellant Kristopher Dreyer was a board member and the

chairperson of Riverside Christian School ("RCS") during the last quarter of 2017

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jeremy D. Kernodle, United States District Judge for
the Eastern District of Texas, sitting by designation.

and the first two quarters of 2018, when the school failed to pay its trust fund taxes to the Internal Revenue Service ("IRS"). Trust fund taxes are income taxes, social security taxes, and Medicare taxes an employer withholds from the wages of an employee and then sends to the IRS every quarter. 26 U.S.C. §§ 3102(a), 3402(a), § 7501(a). In order to protect against revenue losses, the tax code offers the IRS a variety of means of recovering from employers who fail to pay over collected employee taxes. Pursuant to 26 U.S.C. § 6672, the IRS can assess a civil penalty against responsible corporate officials equal to the amount of delinquent trust fund taxes. The criteria for imposing such a penalty can be summarized as follows: "(1) the individual qualifies as a 'responsible person'; (2) the individual 'fail[ed] to collect' or 'account for and pay over such tax'; and (3) the individual acted willfully in doing so." *Matter of York*, 78 F.4th 1074, 1092 (9th Cir. 2023) (quoting *Purcell v. United States*, 1 F.3d 932, 936 (9th Cir. 1993) and § 6672(a)).

In December 2021, the IRS determined Dreyer was a "responsible person" under § 6672(a) and assessed tax penalties against Dreyer, requiring him to personally pay RCS's outstanding trust fund taxes, plus interest and penalties. Dreyer paid a portion of the assessment for each quarter. He brought this suit seeking a refund for what he paid, and the United States filed a counterclaim seeking the unpaid portion, including interest and penalties. After a bench trial, the district court found in favor of the United States, awarding $187,900.12, plus

interest and statutory additions as provided by law. On appeal, Dreyer only contests the district court's finding that his failure to pay the trust fund taxes was "willful."

"In reviewing a judgment following a bench trial, this court reviews the district court's findings of fact for clear error and its legal conclusions de novo." *Price v. U.S. Navy*, 39 F.3d 1011, 1021 (9th Cir. 1994). "We review mixed questions of law and fact de novo unless the mixed question is primarily factual." *D.O. By & Through Walker v. Escondido Union Sch. Dist.*, 59 F.4th 394, 405 (9th Cir. 2023) (citing *Amanda J. ex rel. Annette J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 888 (9th Cir. 2001)). "Clear error review is deferential to the district court, requiring a 'definite and firm conviction that a mistake has been made.'" *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002), *aff'd*, 540 U.S. 644 (2004) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not clearly err in finding that Dreyer had actual knowledge—or at least recklessly disregarded—that the trust fund taxes were unpaid. "Willfulness," for purposes of § 6672, is defined as "'a voluntary, conscious and intentional act to prefer other creditors over the United States.'" *Matter of York*, 78 F.4th at 1094–95 (quoting *Purcell*, 1 F.3d at 938). "'An intent to defraud the Government or other bad motive need not be proven.'" *Id.* at 1095

(quoting *Rykoff v. United States*, 40 F.3d 305, 307 (9th Cir. 1994)). "'[F]or nonpayment to be willful there must be either knowledge of nonpayment or reckless disregard of whether the payments were being made.'" *Id.* (quoting *Teel v. United States*, 529 F.2d 903, 905 (9th Cir. 1976)).

The district court found that Dreyer sent an email in February 2018 remarking that "we will pay [the taxes] directly." That month, Dreyer received three emails from Gary Carroll, the school's business manager, informing him that the IRS was requesting the taxes, how much money was outstanding, that checks to pay the taxes had been rejected, and that the school's bank account with Citizens Bank was repeatedly overdrawn and unable to provide the necessary money. Dreyer replied that the taxes would need to be paid "directly," and not from the Citizens Bank account. But the only other bank account available, with Union Bank, was controlled exclusively by Dreyer. None of these factual findings by the district court are clearly erroneous. Dreyer does not deny that he knew the taxes were outstanding, at this point. Instead, he provides several reasons why he thought the taxes were paid.

The district court found Dreyer's reasons for believing that the taxes were paid uncredible. Not only is this determination entitled to special deference, *Allen v. Iranon*, 283 F.3d 1070, 1078 n.8 (9th Cir. 2002), the record on appeal supports this finding.

First, Dreyer claims that he instructed Carroll and Michael Nolan, RCS's chief financial officer, to pay the taxes. But Dreyer never mentioned Carroll or Nolan in his initial accounting of events when he filed for a refund with the IRS.

Second, several emails sent in February 2018 between Dreyer, Nolan, and Carroll concerning the taxes were admitted into evidence, yet Dreyer has not been able to provide any corroborating email or evidence to support his declaration that he had instructed Carroll and Nolan to pay the taxes that same month.

Third, Nolan and Carroll both provided testimony that contradicted Dreyer's narrative. Dreyer claimed that he told Nolan and Carroll to "pay the IRS directly not through Citizens Bank." But Nolan testified that Dreyer never directed him to pay the outstanding payroll taxes. Similarly, Dreyer claimed that Carroll had stated, "yes I understood that Mr. Dreyer told me to pay that bill directly to the IRS." Carroll repeatedly testified that he could not have paid the taxes, because there were not enough funds in the Citizens Bank account, and he did not have access to the Union Bank account. Dreyer also declared Carroll had told him "that all taxes and all bills that RCS had were paid or being paid on time." Again, however, Carroll testified he "never" told Dreyer that RCS's payroll taxes were fully paid.

Fourth, Dreyer's claim that he believed the taxes were paid after RCS received a donation in March 2018 is inconsistent with his narrative. Dreyer

24-906

stipulated, and Caroll testified, that Carroll was the business manager at RCS until the end of February 2018. But Carroll could not have known or reported that the taxes had been paid with the donated money if he was no longer at RCS. Further, Dreyer declared that "large sums of money" from the donation were used to purchase and develop land.

Finally, Dreyer argues that it was reasonable for him to believe the taxes had been paid because he relied on financial statements that did not show the tax debt, but he admitted at trial that those statements did not show all of the other debts he knew RCS had.

In sum, because the district court's rejection of Dreyer's narrative is well-supported by the record, we affirm the district court's finding of willfulness. *Matter of York*, 78 F.4th at 1093 ("[T]o defeat the IRS's assessment of penalties . . . [a plaintiff] ha[s] to show that, at least as to one such element, no reasonable trier of fact could find in the IRS's favor.").

**AFFIRMED.**

24-906