**Richard H. BARNETT, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 76–2286.

United States Court of Appeals, Ninth Circuit.

March 29, 1979.

Jerome B. Falk, Jr. (argued), San Francisco, Cal., for plaintiff-appellant.

Michael J. Roach (argued), of Dept. of Justice, Washington, D. C., for defendant-appellee.

Before CARTER and WALLACE, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge.

Appellant, Richard Barnett, brought this action to recover a tax penalty of $144.20. The penalty is equal to income taxes and Federal Insurance Contributions Act taxes which the Rancho Linda School withheld from one employee's wages but did not pay to the government. The government filed a counterclaim for unpaid penalties of $24,-459.29, because of unpaid taxes withheld from the wages of other employees. The District Court dismissed Barnett's action and granted summary judgment for the government.

The government assessed this penalty under a statute which provides that any responsible officer of a corporation "who willfully fails to collect [a withholding] tax, or truthfully account for and pay over such tax" is liable for a penalty equal to the unpaid tax. 26 U.S.C. § 6672.

In 1962, Barnett was a founder of the Rancho Linda School, a school for retarded and emotionally disturbed children. He was the president of the corporation and its administrator from January 1964, until September 1965, and therefore a "responsible officer" of the corporation who could be liable for a section 6672 penalty.

Barnett contends that the government is not entitled to summary judgment because there is a material issue of fact on whether he acted willfully in light of the circumstances surrounding the corporation's failure. The corporation was always in shaky financial condition. It failed to make required monthly deposits of collected taxes; it also failed to make timely quarterly withholding tax payments.

The corporation maintained its bank account at the Bank of America. In February 1965, it borrowed $25,000 from the bank which it agreed to pay by June 1, 1965.

As of September 23, 1965, the corporation had not paid back the loan. It also had not paid its withholding taxes for the second quarter (April, May and June 1965) nor had it made monthly deposits of the taxes collected for July and August.

The corporation paid employees and suppliers until September 23, and on that day had enough money in its account to meet all its tax obligations if the bank had not set off the loan against the corporation's account. Barnett contends that this setoff, which consumed almost all the corporation's funds, was unforeseen.

Shortly thereafter the corporation was dissolved and the taxes which the corporation withheld from employees' wages for the second and third quarters were never paid to the government.

Barnett contends that there is a material issue of fact on whether his conduct was based on a reasonable cause. He says the government knew of the corporation's situation and acquiesced in his efforts to keep it operating. He therefore asserts that his conduct was not willful and, in the alternative, he asserts that the government should be estopped from collecting this penalty. Conduct motivated by a reasonable cause may nevertheless be willful. *Pacific National Insurance Co. v. United States,*

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

422 F.2d 26, 33 & n. 19 (9th Cir.), *cert. denied,* 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970). Even if the government was aware of Barnett's activities, knowledge alone does not negate willfulness or estop the government from penalizing the taxpayer's willful conduct.

The government contends that, regardless of these considerations, Barnett acted willfully as a matter of law as to all the unpaid taxes because the corporation paid other creditors when these taxes were owed.

■ A failure to pay over taxes is willful, for section 6672 purposes, if it is voluntary, knowing and intentional even though it is not done with a bad purpose or an evil motive. *Sorenson v. United States,* 521 F.2d 325, 328 (9th Cir. 1975); *Bloom v. United States,* 272 F.2d 215, 223 (9th Cir. 1959), *cert. denied,* 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960).

■ One who pays other creditors, rather than pay withholding taxes to the government, is liable for a willful failure to pay such taxes. *Maggy v. United States,* 560 F.2d 1372, 1375–76 (9th Cir. 1977), *cert. denied,* —— U.S. ——, 99 S.Ct. 86, 58 L.Ed.2d 112 (1978); *Sorenson, supra,* 521 F.2d at 328–29.

*I. Second Quarter*

■ The taxes for the second quarter were past due when the corporation was dissolved. Barnett admits that other creditors were paid after these taxes were due. His failure to pay the government the taxes collected for this quarter was therefore willful as a matter of law. The District Court properly entered summary judgment against Barnett for the penalty on the second quarter taxes.

*II. Third Quarter*

■ The corporation was not obligated to pay the taxes for the third quarter (July, August and September) until October 31, which was after the dissolution of the corporation. A responsible officer may be liable, as a matter of law, for a willful failure to pay taxes which were not due when his corporation folded. *Teel v. United States,* 529 F.2d 903, 906 (9th Cir. 1976).

*A. July and August*

■ Treasury Regulation 31.6302(c)–1(a)(1) obligated the corporation to deposit its collected taxes in a Federal Reserve Bank each month. The corporation failed to do it; instead, it kept the money in its general account and it paid other creditors. Payments to other creditors when monthly deposits were overdue showed that the failure to pay collected taxes was willful. *Sherwood v. United States,* 246 F.Supp. 502, 508 (E.D.N.Y.1965); *Browne v. United States,* 234 F.Supp. 19 (D.Minn.1964). The District Court properly granted summary judgment against Barnett for the penalty equal to the taxes collected in the months of July and August.

*B. September*

■ The corporation was not yet obligated to pay or deposit the taxes collected for September when it was dissolved.

Barnett contends that the September penalty is therefore different from the penalties for the other months. He contends that payments to other creditors before an employer is obligated to deposit funds do not establish a preference for the other creditors. He also contends that the corporation had sufficient funds in the bank to pay the government until the bank's unforeseen setoff.

The statute does not impose a penalty whenever collected taxes are not paid to the government. Responsible officers are liable only for willful conduct. In our view Barnett did not become liable as a matter of law when he paid other creditors before he was obligated to deposit the withheld taxes and when he had ample funds in the account to cover the taxes. *Browne, supra.* There is a conflict in the evidence on whether Barnett intended to pay September taxes when due. Barnett may ultimately be liable for willfully failing to pay them but that is a matter for determination after trial and not on a summary judgment.

Summary judgment in favor of the government and against Barnett for penalties on the taxes withheld for the month of September 1965 is reversed and remanded. In all other respects, the judgment in favor of the government and against Barnett is affirmed.