**Gustav R. GEIGER, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. CIV 81–895 PHX–CAM.**

United States District Court,
D. Arizona.

Jan. 18, 1984.

John Killingsworth, O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for plaintiff.

Jack Kindsvatter, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER

MUECKE, Chief Judge.

This is an action for the refund of $100, plus costs, which was paid by plaintiff as a result of an assessment of a penalty of $23,317.35 by the defendant. This Court has jurisdiction over the complaint and counterclaim presently before it pursuant to 28 U.S.C. § 1346(a)(1) and Rule 13 of the Federal Rules of Civil Procedure.

Plaintiff is a citizen of the United States who began performing services for Standard Roofing and Supply Co., Inc., an Arizona corporation, on August 26, 1976, and for All American Enterprises, Inc., (Standard's parent corporation), on January 3, 1977. Standard was engaged in business in Phoenix, Arizona as a contractor, and defendant alleges that Standard failed to pay over to the Internal Revenue Service certain moneys, which in accordance with applicable laws and regulations, it had withheld from the wages paid to its employees as and for employment and income taxes.

Standard has since been adjudicated a bankrupt, its assets have been sold and the available proceeds of sale have been paid over to the Internal Revenue Service in partial satisfaction of its claim for amounts withheld but not paid over.

On February 23, 1981, a statutory notice of assessment was issued to plaintiff by the Internal Revenue Service for the fourth quarter of 1976 and the second and third quarters of 1977. In 1981, plaintiff paid $100 of an assessment of $23,317.35 to the I.R.S. and filed a claim for refund of the $100, which was denied by the I.R.S. that same year.

On July 28, 1981, plaintiff filed a complaint seeking a determination that he was not a responsible person of Standard, within the meaning of 26 U.S.C. § 6672.

It is not disputed by the parties that from August 16, 1976 until Standard petitioned for bankruptcy on September 22, 1977, plaintiff was authorized to sign checks on Standard's checking account, and that in November and December of 1976

and January of 1977, he assigned various Standard's accounts receivable to the Great Western Bank, executing them under the title of Acting President.

In addition, it is also clear that during 1976 and 1977, all of the issued and outstanding stock of Standard was owned by Michael E. Kennelly and his wife, and that plaintiff never owned any stock or had any right to acquire Standard stock.

The main issue before the Court is whether plaintiff is liable for the failure of Standard to pay over the taxes withheld from the wages of its employees during the fourth quarter of 1967 and the second and third quarters of 1977.

This issue was presented to the Court in a two-day non-jury trial which took place September 15–16, 1983. Having considered all of the evidence presented, both at trial, and within the memoranda filed prior to trial, this Court finds in favor of the plaintiff for the reasons more fully explained below.

### Interpretation of the Statute

The general rule under 26 U.S.C. § 6672(a) is that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over...."

The statutory language establishes two preconditions to liability, which are: (1) a taxpayer must be a "person" with respect to the activities contemplated by the statute and (2) such a "person" must act willfully in his or her failure to take the requisite action. *Dudley v. United States*, 428 F.2d 1196 (9th Cir.1970). In that case, the corporate officer was held to be not liable for failing to pay over moneys owing to the I.R.S. because at the time he was a "person" for purposes of § 6672, he did not

know of the failure to pay over withheld taxes, and by the time he learned of the failure, he was no longer a "person."

In *United States v. Graham*, 309 F.2d 210 (9th Cir.1962), it was noted that a "person," as referred to in the statute, includes officers, employees and others so connected with a corporation to be responsible for the act giving rise to an alleged violation.

While plaintiff admits that he exercised an unusual degree of influence and control over some aspects of Standard's business in his capacity as consultant during a portion, or all, of the time period at issue in this case, he has asserted that he was more of a puppet than the people dealing with him realized, and was manipulated by the sole shareholder, president, and principal director of Standard, Michael E. Kennelly, who used plaintiff as a front in dealing with his creditors and employees.

### Definition of a Person

■ Plaintiff has argued that although he had authority to sign checks, the authority is not enough to impose liability, absent other indications of actual power. In *Gold v. United States*, 506 F.Supp. 473 (E.D.N.Y.1981), the evidence established that the secretary-treasurer of a corporation had willfully failed to pay over taxes imposed on the employees, since he was touted as an important officer, was asked to remain with the corporation beyond his termination date, and was aware of the tax problems and mismanagement of the corporation. And in *Burack v. United States*, 461 F.2d 1282, 198 Ct.Cl. 855 (1972), it was found that the ability to sign corporate checks is a "... significant factor because it generally comes with the ability to choose which creditors will be paid."

Although defendant maintains that plaintiff was in a position of responsibility for the acts giving rise to the violation in the instant case, in the recent decision of *Howard v. United States*, 711 F.2d 729 (5th Cir.1983), where a "subservient" person was held to have a duty to pay withheld taxes, the "person" there was a substantial

shareholder, director, and executive vice president of the corporation. This Court is convinced that plaintiff has shown that although he signed the checks, he did so only at the behest and direction of Mr. Kennelly, in the latter's capacity as president of Standard, and therefore, plaintiff lacked the "final word" as defined in *United States v. Graham, supra,* and in *Pacific National Insurance v. United States,* 422 F.2d 26 (9th Cir.1970).

### The Question of Willfulness

Several courts have held that a voluntary, conscious, and intentional act to prefer other creditors over the United States constitutes willful failure to pay moneys owing the United States. *Barnett v. United States,* 594 F.2d 219 (9th Cir.1979); *Teel v. United States,* 529 F.2d 903 (9th Cir. 1976); *Monday v. United States,* 421 F.2d 1210 (7th Cir.1970); *Turner v. United States, supra.*

█ It is clear to this Court that an action instituted under § 6672 is not designed to impose criminal sanctions, but to ensure payment to the United States of a tax already collected or deducted by an employer whose employees have already received credit for the withheld taxes on their individual returns. *Bloom v. United States,* 272 F.2d 215, 223 (9th Cir.1960). In *Klotz v. United States,* 602 F.2d 920 (9th Cir.1979), it was found that there was evidence to support a finding that taxpayers, who were corporate officers in name only had not willfully failed to pay certain payroll taxes.

Two of the cases cited by plaintiff are certainly on point, in regard to the issue of plaintiff's willfulness to withhold payment from the I.R.S. In *Cellura v. United States,* 245 F.Supp. 379 (N.D.Ohio 1965), plaintiff was the manager of a restaurant, the owner of which was an invalid and a non-participant in the active management of his own business. Since Cellura was also a creditor of the restaurant and was responsible for handling corporate funds, the government there argued that the penalties of § 6672(a) should be applied, but the court found that Cellura only disbursed money at the direction of her employer or his accountant, and since she had acted under their direction, she had not acted willfully for the purposes of the application of § 6672.

In *Barrett v. United States,* 580 F.2d 449 (Ct.Cl.1978), the court held that the evidence presented there required a finding that a corporate director was not a person responsible for collecting and paying over withheld corporate taxes, and that the failure to do so was not willful, despite the fact that the director had the authority to sign company checks and was a creditor of the company, since she was dominated by the company president and had no authority over the payroll or over decisions of priority of payments to creditors.

### Application of the Facts

█ In the instant case, plaintiff also testified that Mr. Kennelly never relinquished his daily management of the business. Furthermore, plaintiff's Exhibit 4, which is a "Memorandum of Understanding" signed by plaintiff and Standard in October 1976 (and extended in November, 1976 and January, 1977), shows plaintiff's memorialization of his understanding that he was relieved from the responsibility of paying taxes.

Also, Mr. Kennelly approved all of the contracts for Standard, whether he personally signed them or whether he authorized plaintiff to sign them, which is a further indication that Mr. Kennelly had the final say in matters involving Standard. Payroll checks were also not signed without Mr. Kennelly's prior approval.

While this Court has found that plaintiff did have authority to sign checks, it also appears that he did not have the final say in all monetary matters, as was evidenced by the fact that he had tried to pay the taxes owing, and had even drawn checks payable to the I.R.S., in addition to keeping $7000 in the bank for payment to the I.R.S. In spite of this, Mr. Kennelly, according to plaintiff's sworn testimony, dissipated the

money in the bank by making direct payments to other creditors.

In light of the evidence and testimony presented during the trial of this matter before the Court, together with the authorities provided, this Court finds for the plaintiff.

Accordingly,

IT IS ORDERED that plaintiff prepare Findings of Fact and Conclusions of Law in accordance with this Order, and file the same no later than 23 January 1984.

IT IS FURTHER ORDERED that plaintiff prepare a Judgment in accordance with this Order, and file the same no later than 23 January 1984.