**CROWD MANAGEMENT SERVICES, INC., an Oregon corporation; and James J. Deloretto, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

Civ. No. 90–1093–MA.

United States District Court, District of Oregon.

April 11, 1995.

**1314**

Robert D. Newell, Davis Wright Tremaine, Portland, OR, for plaintiffs.

1. The IRS also filed a notice of tax lien against DeLoretto. However, I granted DeLoretto's motion for summary judgment as to the liens

Kristine Olson Rogers, U.S. Atty., Portland, OR, W. Carl Hankla, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

MARSH, District Judge.

Plaintiffs Crowd Management, Inc. ("CMS") and James J. DeLoretto ("DeLoretto") brought this action seeking a refund from the Internal Revenue Service (the "IRS") of payments made to the IRS for assessments and penalties arising from plaintiffs' classification of workers as independent contractors rather than employees for employment tax purposes. Plaintiff DeLoretto also brought claims for damages against defendant pursuant to 26 U.S.C. §§ 7432 (Damages for Failure to Release a Lien) and 7433 (Damages for Unauthorized Collection of Taxes). Defendant filed a counterclaim seeking to recover unpaid portions of the assessments against both plaintiffs. Currently before the court are the parties' cross-motions for summary judgment.

## BACKGROUND

In 1987, IRS Agent Matthew Armony conducted a payroll tax audit and determined that plaintiff CMS had erroneously treated certain of its workers as independent contractors when the workers were, in fact, employees. Accordingly, the IRS made an assessment against CMS for employment taxes which CMS failed to withhold from the workers it had treated as independent contractors during the 1985 and 1986 tax years.

On February 15, 1990, as part of its efforts to collect the assessment against CMS, the IRS made an individual, penalty assessment in the amount of $117,314.09 against plaintiff DeLoretto pursuant to 26 U.S.C. § 6672. This section provides for a 100% penalty against any person responsible for collecting, accounting, and paying over a tax who willfully fails to do so or willfully attempts to evade the tax. 26 U.S.C. § 6672(a).[1]

against him on the grounds that DeLoretto had not been provided with timely notice, thus the liens were invalid.

Trial was held on December 17, 1991. The issues concerning the validity of the tax assessments against plaintiffs were tried to a jury, and plaintiffs' claims for damages were tried to the court. On December 20, 1991, the jury returned a verdict for plaintiffs based upon their finding that the workers in question were independent contractors. By opinion dated March 12, 1992, I dismissed DeLoretto's second and third claims for relief based upon my finding that DeLoretto had failed to prove that he was entitled to damages under either § 7432 or § 7433.

Defendant filed several post-trial motions. On July 21, 1992, I granted defendant's motion to alter and amend the judgment and struck my finding that plaintiffs were "prevailing parties." Accordingly, I found plaintiffs' petition for attorney's fees moot. I also denied defendant's motions for judgment as a matter of law and for a new trial.

Defendant appealed the judgment entered in favor of plaintiffs and the denial of its motions for judgment as a matter of law and for a new trial. Plaintiffs cross-appealed from my denial of their claims for damages, my denial of a jury trial as to those claims, and my denial of attorney's fees.

The Ninth Circuit affirmed my findings that DeLoretto was not entitled to damages, a jury trial on his damages claims, or attorney's fees. However, the court held that there was insufficient evidence in the record to support the jury's verdict that the workers in question should be classified as independent contractors rather than employees. Accordingly, the court reversed my order denying defendant's motion for judgment as a matter of law, and remanded the case for a determination of whether: (1) the individual crowd control workers were in a substantially similar position to the workers CMS treated as employees prior to 1982; (2) CMS had a reasonable basis for treating the workers in question as independent contractors; (3) CMS intentionally disregarded the requirement that taxes be withheld from the wages of its employees; and (4) DeLoretto willfully failed to collect, account for and pay over the taxes which should have been withheld from the wages of CMS's workers. *Crowd Mgmt. Svcs., Inc. v. United States,* 1994 WL 481183, *9, 1994 U.S.App. LEXIS 24476, *27 (9th Cir. Sept. 6, 1994).

The first two of these issues relate to the question of whether plaintiffs fit within the protective provisions of Section 530(a)(1) of the Revenue Act of 1978 and are, thus, excused from paying the employment taxes due. The third issue relates to the applicability of the special relief withholding rates of 26 U.S.C. § 3509(a). The final issue relates to the validity of the 100% penalty assessed against DeLoretto pursuant to 26 U.S.C. § 6672.

## STANDARD

Summary judgment is appropriate if the court finds that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). There is no genuine issue of material fact where the non-moving party fails "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Harper v. Wallingford,* 877 F.2d 728, 731 (9th Cir.1989).

All reasonable doubts as to the existence of genuine issues of fact must be resolved against the moving party. *Hector v. Wiens,* 533 F.2d 429, 432 (9th Cir.1976). The inferences drawn from underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valandingham v. Bojorquez,* 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences can be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co.,* 638 F.2d 136, 140 (9th Cir.1981).

In responding to a motion for summary judgment, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(c). "If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Oltarzewski v. Ruggiero,* 830 F.2d 136, 138–39 (9th Cir.1987).

## DISCUSSION

Defendants move for summary judgment with respect to each of the issues identified by the Ninth Circuit. Plaintiffs, on the other hand, restrict their motion to the applicability of §§ 3509(a) and 6672.

### 1. *Section 530*

Congress passed Section 530 of the Revenue Act of 1978 to protect employers who had, in good faith, been treating their workers as independent contractors from harsh penalties should the IRS decide to reclassify those workers as employees. *See* S.Rep. No. 1263, 95th Cong., 2d Sess. 209–10 (1978), U.S.Code Cong. & Admin.News 1978, p. 6761. Section 530 provides that, where an employer has not treated a worker as an employee for any part of the applicable period, "the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee." Pub.L. No. 95–600, 92 Stat. 2763 (appearing in the note to 26 U.S.C. § 3401).

Congress also included in Section 530 a consistency requirement "[t]o prevent taxpayers from changing the way they treat workers for employment tax purposes solely to take advantage of the relief provisions." H.Rep. No. 95–1748, 95th Cong., 2d Sess. 6 (1978). Pursuant to this provision, an employer does not qualify for relief under Section 530 if he has treated any worker holding a "substantially similar position" as an employee for any period beginning after December 31, 1977. § 530(a)(3).

#### a. *"Substantially similar"*

■ Defendant first contends that plaintiff CMS does not qualify for relief under Section 530 because the workers CMS treated as employees prior to 1982 were in a substantially similar position to the workers CMS treated as independent contractors after

2. Defendant contends that plaintiff's failure to move for summary judgment on this issue constitutes a concession that plaintiff is not qualified for relief under Section 530. That is clearly not the case, however.

3. Toni Mekkers and Daniel Knauss, both of whom began working for CMS as independent

1982. Plaintiffs have not moved for summary judgment on this issue because plaintiffs contend that there is a material issue of fact as to whether the pre–1982 employees were in a substantially similar position to the post–1982 independent contractors.[2]

At trial, plaintiffs attempted to show that CMS supervisors exerted less control over those workers classified as independent contractors after 1982 had more autonomy than workers classified as employees prior to 1982. According to plaintiff DeLoretto, prior to 1982, CMS had supervisors at every event, even events that were small. Tr. 396–97. The supervisors had a large degree of control over the employees. Tr. 477. After 1982, there were some events, such as those held in parks, that would not have a supervisor. Tr. 397. The workers classified as independent contractors had greater freedom to choose at which events they worked and the areas in which they worked. Tr. 394, 476. Supervisors would merely give these workers their assignments and brief them at the beginning of the event. The supervisors did not provide specifics regarding how the worker should carry out the assigned task. Tr. 399–400, 475. Further, workers with independent contractor status received less extensive training than workers classified as employees prior to 1982. Tr. 398–99.[3]

Nonetheless, DeLoretto admitted that those workers treated as independent contractors were required to follow the guidance of CMS supervisors. Tr. 516. If, in the supervisor's opinion, an independent contractor was standing too far from the stairway he had been assigned to cover, the supervisor could instruct him to "guard the stairway" and the independent contractor would have to comply, even if he thought that his coverage was sufficient. *Id.*

■ While plaintiff's evidence establishes that, after 1982, CMS supervisors no longer

contractors and were classified as employees when they were later promoted to supervisory positions, gave similar descriptions of the relationship between supervisors and the workers treated as independent contractors. *See* Tr. 209–11, 235, 238.

*exercised* their right to control the details of the security workers' assignments, it fails to establish that the supervisors no longer *possessed* the right to control. The supervisor's right to control the details of a worker's job, rather than the exercise of that right, determines the worker's employment status for tax purposes. *REAG, Inc. v. United States,* 801 F.Supp. 494, 501 (W.D.Okla.1992); *see also General Inv. Corp. v. United States,* 823 F.2d 337, 341 (9th Cir.1987) (the basic test is whether the employer either actually controls or has the right to control the worker). Because no reasonable juror could find based on the record that there was a change as to this critical factor, I find as a matter of law that the workers treated as independent contractors after 1982 were in a substantially similar position to the workers treated as employees prior to 1982.[4] Accordingly, CMS is not entitled to relief under Section 530 and defendant is entitled to summary judgment on this issue.

### 2. *Amount of Tax Owed by CMS*

Where the IRS determines that an employer has erroneously characterized a worker as other than an employee, the IRS generally assesses the employer 1.5% of the wages paid to each worker for withholding tax, and 20% of the amount due for the employee's share of social security tax. 26 U.S.C. § 3509(a). Section 3509 specifies higher rates to be applied where the IRS finds that the employer negligently failed to comply with federal withholding requirements. 26 U.S.C. § 3509(b)(1). The beneficial rates stated in Section 3509 are inapplicable if the IRS determines that the employer intentionally disregarded the requirement to deduct and pay over the withholding tax for that worker. 26 U.S.C. § 3509(c).

4. Because Section 530(a)(3) bars relief for any employer who has treated a worker holding a substantially similar position as an employee, I need not reach the issue of whether CMS had a reasonable basis for treating the workers in question as independent contractors.

5. Part IV of the Internal Revenue Manual, pertaining to audits, directs that, if an examiner examining an employer's income tax withholding determines that Section 3509 is inapplicable, the

Agent Armony, the IRS examiner who conducted the payroll tax audit of CMS, determined that plaintiff CMS had intentionally disregarded the withholding requirement. Accordingly, Armony applied a percentage withholding rate of 20% to the wages earned by all workers CMS treated as independent contractors.[5] Armony also assessed CMS the full amount of the employees' social security tax.

"Intentional disregard occurs when a taxpayer who knows or should know of a rule or regulation chooses to ignore its requirements." 820 F.2d at 1469. *Hansen v. Commissioner,* 820 F.2d 1464, 1469 (9th Cir. 1987).[6]

Those cases in which courts have found that a taxpayer intentionally disregarded tax regulations have generally involved flagrant abuses of the tax system. *See, e.g., id.* (penalty properly assessed where taxpayer took charitable deduction for money given to the "Church of Man," the church was controlled by the taxpayer, and all withdrawals from church's bank account went to taxpayer's wife as an "award" for her devotion); *Fred R. Esser, P.C. v. United States,* 750 F.Supp. 421, 422–23 (D.Ariz.1990) (court found intentional disregard barred application of § 3509 where taxpayer set up a corporation for which he and his wife were the sole employees and received "loans" rather than salary to avoid employment taxes).

In cases where a taxpayer has made a good faith effort to comply with the tax regulations, courts are less likely to penalize the taxpayer for intentional disregard. *See, e.g., Gorton v. Commissioner,* 49 T.C.M. 612, 1985 WL 14674 (1985) (§ 6653(a) penalty improper where taxpayer relied upon the advice of an expert and credibly testified that he intended to comply with tax regulations); *Industrial Valley Bank & Trust Co. v. Com-*

examiner will use the alternate percentage withholding rate of 20% provided in regulations 31.3402(g)–1(a)(2)(ii).

6. Although *Hansen* involved a penalty under 26 U.S.C. § 6653(a) for underpayment of tax due to negligence or intentional disregard, I find that cases involving § 6653(a) are instructive to the extent these cases specifically discuss intentional disregard.

**1318**

*missioner,* 66 T.C. 272, 1976 WL 3638 (1976) (taxpayer's position reasonably adopted based upon advice of an expert in bank income tax, thus § 6653(a) penalty unwarranted).

While there is no dispute that DeLoretto began the independent contractor classification program in order to save CMS the trouble and expense of withholding taxes from workers' wages, this does not amount to a tax evasion scheme such as those considered in *Esser* or *Hansen.*

Further, the evidence does not support a finding that DeLoretto intentionally abused the tax system. DeLoretto testified that he intended to comply with the regulations in reclassifying CMS workers. This testimony is supported by the fact that DeLoretto consulted with his attorney on numerous occasions regarding the guidelines he must follow if the workers were going to be viewed by the IRS as independent contractors. Once the attorney had set forth the guidelines to follow, DeLoretto made efforts to implement them. While there is no evidence that the attorney whom DeLoretto consulted was an expert in tax matters, DeLoretto had no reason to believe that the attorney was not competent to render an opinion.

The evidence also indicates that DeLoretto was conscientious in meeting the reporting requirements for his workers. He withheld income taxes for those workers characterized as employees and filed 1099's for all independent contractors, even those whose wages were negligible. In both 1983 and 1984, the IRS reviewed those forms DeLoretto had completed with respect to CMS's independent contractors. The one error that was found had resulted in an overpayment to the IRS, for which CMS received a refund. Even Armony complimented DeLoretto on the state of his records.

■ Based on the foregoing, I find as a matter of law that CMS did not intentionally disregard the withholding requirements.[7]

Accordingly, the tax rates provided for in 26 U.S.C. § 3509 must be applied. The parties agree that, applying the Section 3509 rates, CMS owes $46,824.55 in unpaid taxes.

### 3. *100% Penalty Against DeLoretto*

■ Section 6672(a) of the Internal Revenue Code provides that an individual responsible for collecting, accounting for, and paying over taxes who "willfully attempts in any manner to evade or defeat any such tax or payment thereof" may be held liable for a penalty "equal to the total amount of tax evaded." 26 U.S.C. § 6672(a). Thus, in order to impose a penalty under this provision, the IRS must establish that (1) the individual was a "responsible" person (e.g.—one charged with collecting, accounting for, and paying over tax); and (2) the individual "willfully failed to collect or pay over the tax. *Rykoff v. United States,* 40 F.3d 305 (9th Cir.1994).

In this case, there is no dispute that DeLoretto was a "responsible" person for purposes of this statute. However, each party seeks summary judgment on the question of whether DeLoretto's failure to withhold taxes from the workers treated as independent contractors constitutes a willful attempt to evade or defeat the payment of tax.

■ An individual has acted "willfully" within the meaning of Section 6672(a) where he has voluntarily, knowingly, and intentionally failed to collect or pay over taxes. *Barnett v. United States,* 594 F.2d 219, 222 (9th Cir.1979). The individual need not be driven by "a bad purpose or an evil motive." *Id.* Reckless disregard of the obligation to pay over taxes also constitutes "willfulness." *Teel v. United States,* 529 F.2d 903, 905 (9th Cir.1976).

Courts consistently uphold the imposition of a penalty under Section 6672 in cases where a responsible party has withheld taxes and has used the withheld funds to pay creditors other than the United States. *See, e.g.,*

---

7. I follow the Ninth Circuit in rejecting plaintiffs' contention that, because Armony found that CMS was not negligent in its failure to withhold taxes, plaintiff could not have intentionally disregarded its employment tax obligations. *See Crowd . Mgmt.,* 1994 WL 481183, *6, 1994 U.S.App.

LEXIS 24476, *19; *see also Hansen v. Commissioner,* 820 F.2d 1464, 1469 (9th Cir.1987) (the Tax Court did not err in finding that, even though there might not be sufficient evidence of negligence, there was evidence of intentional disregard).

*Davis v. United States,* 961 F.2d 867, 871 (9th Cir.1992); *Barnett v. United States,* 594 F.2d 219, 221 (9th Cir.1979); *Maggy v. United States,* 560 F.2d 1372, 1375–76 (9th Cir. 1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 86, 58 L.Ed.2d 112 (1978); *Thomas v. United States,* 41 F.3d 1109 (7th Cir.1994); *Collins v. United States,* 848 F.2d 740 (6th Cir.1988) (per curiam); *Hochstein v. United States,* 900 F.2d 543 (2d. Cir.1990). In such cases, the fact that the responsible party withheld taxes reflects knowledge that taxes were due, and the payment of other creditors is conclusive evidence of a deliberate choice not to pay taxes owed.[8]

■ Where there is such clear evidence that a responsible party has consciously disregarded his tax obligations, a court may find that he acted willfully even though his conduct was motivated by "reasonable cause." *Barnett,* 594 F.2d at 221–22.[9]

This case differs from the above cases in that there is a serious question whether DeLoretto knew that taxes were due. DeLoretto contends that he did not withhold taxes from the workers' wages because it was his understanding, based upon the advice of counsel and an accountant, that the workers qualified as independent contractors and, thus, withholding was not required. In this respect, the case at hand is more closely analogous to *Sorenson v. United States,* 521 F.2d 325, 329 (9th Cir.1975), a case in which the plaintiff similarly contended that he had mistakenly believed that no withholding taxes were due.

In *Sorenson,* a 100% penalty was assessed against the plaintiff, the responsible party of an undercapitalized corporation, who had deposited his own personal funds into the corporate account to pay employees' salaries.

521 F.2d at 327. He failed to withhold taxes from the salaries paid from these funds. Plaintiff contended that his failure to withhold taxes from the employees' wages was due to a mistaken belief that withholding was not required for wages paid out of "personal" funds. *Id.* at 329.

The court rejected plaintiff's argument because it found that plaintiff's ignorance was "largely self-imposed." *Id.* The court relied upon the fact that the plaintiff was not a stranger to the withholding system and he had had an accountant and an attorney from whom he could have sought advice. *Id.*

I find that *Sorenson* does not dictate a finding of willfulness in this case as defendant contends. In my view, the *Sorenson* ruling leaves open the possibility that a penalty under Section 6672 could be held improper where an employer had a reasonable basis for believing that withholding was not required.

As discussed in Part 2 above, I find that DeLoretto took significant steps to determine whether withholding was required and that, as a matter of law, DeLoretto had a reasonable basis for concluding that no withholding taxes were due. Thus, no reasonable juror could find that DeLoretto had willfully attempted to evade taxes. Accordingly, there is no basis for a penalty under Section 6672.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (# 211) is GRANTED as to the applicability of Section 530, and DENIED as to all other issues. Plaintiffs'

---

8. Application of the Section 6672 penalty is further justified in such situations because, taxes withheld from the wages of an employee are withheld in trust for the government. *See Rykoff,* 40 F.3d at 307; 26 U.S.C. § 7501(a). These "trust fund taxes" are for the exclusive use of the government and cannot be used by the employer to pay business expenses. *Collins,* 848 F.2d at 741.

9. Although plaintiff DeLoretto contends that payment to other creditors is a prerequisite to a penalty under Section 6672, the plain language

of the statute does not require the government to make such a showing. While the case law may establish a rule that preference of other creditors over the United States constitutes willfulness per se, I find that this rule does not preclude a court from relying on other evidence of willfulness. *See, e.g., Caterino v. United States,* 794 F.2d 1, 6 (1st Cir.1986), *cert. denied,* 480 U.S. 905, 107 S.Ct. 1347, 94 L.Ed.2d 518 (1987) (court inferred willfulness although there was no evidence of payment to other creditors).

motion for summary judgment (# 215) is GRANTED.

IT IS SO ORDERED.