UNITED STATES of America, Appellant,

v.

QUALITY MEDICAL CONSULTANTS, INC., Appellee.

No. 97–23–CIV–ORL–22.

United States District Court, M.D. Florida, Orlando Division.

Aug. 1, 1997.

---

Brian L. Schwalb, U.S. Dept. of Justice, Tax Division, Washington, DC, for Appellant.

Samuel Jr. Zusman, Maguire, Voorhis & Wells, P.A., Orlando, FL, for Appellee.

Kenneth C. Meeker, U.S. Trustee's Office, Orlando, FL, Trustee.

1. The Court has independently reviewed the facts in this case and finds that the facts contained in the Bankruptcy Court's Amended Order are correct. (R. 15 at 1–8.). Because the facts, as

## ORDER

CONWAY, District Judge.

This cause comes before the Court on appeal from the decision of the United States Bankruptcy Court for the Middle District of Florida, Orlando Division ("Bankruptcy Court"), partially sustaining Quality Medical Consultants, Inc.'s ("Appellee"), objection to a $245,314 claim filed by the Internal Revenue Service ("IRS"). This claim was based on a penalty assessed by the IRS pursuant to 26 U.S.C. §§ 6721(e) and 6722(c), for intentional disregard of tax filing requirements for tax years 1993 and 1994. The Bankruptcy Court reduced the $245,315 penalty to $1,350, thereby assessing penalties only under 26 U.S.C. §§ 6721(a) and 6722(a). After reviewing the evidence and applicable law, the Bankruptcy Court's decision is affirmed in part and remanded.

### Statement of Jurisdiction

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a), which states that "district courts of the United States shall have jurisdiction to hear appeals from final judgements, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

### Standard of Review

This appeal from the Bankruptcy Court's ruling is entitled to *de novo* review, thus requiring the Court to make a judgement without deference to the Bankruptcy Court's decision. *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1210 (7th Cir.1984). However, the Bankruptcy Court's findings of fact should only be set aside if they are clearly erroneous. Fed. R. Bankr.P. 8013. In determining that the Bankruptcy Court's findings of a fact were wrong, the Court must be "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

### Statement of Facts [1]

Appellee reviews health and insurance claim reimbursements for hospitals and other

stated by the Bankruptcy Court, are not "clearly erroneous," they should not be set aside. Fed. R.Bankr. 8013. Therefore, the Court adopts

health care providers. Both individual and corporate independent contractors work for Appellee for a fee. Additionally, Appellee pays interest on loans received from various individuals and corporations.

After hiring an independent accountant to prepare and file its tax forms for 1991 and 1992, in 1993, Appellee hired Eldon Wade ("Wade") as chief financial officer to prepare and file all tax returns. Wade ordered Appellee's accounting department to prepare and file 1096 and 1099 forms. The 1099–INT and 1099–MISC forms are at issue in this case.[2] Neither Wade nor any employee in the accounting department was familiar with the purpose of the 1099 forms. Linda Saldutti ("Saldutti"), an accounting employee, was given the responsibility of preparing the 1099 forms. After Saldutti prepared the them, Appellee sent the 1099–INT forms to interest recipients and the 1099–MISC forms to certain contractors that had received compensation from Appellee.

For the 1993 tax year, Appellee mistakenly sent the 1099–MISC forms only to individuals because Saldutti misinterpreted the instructions. The instructions for the 1099–MISC forms require that they be sent to individuals *and corporations* if they are medical or health care providers.[3] 26 C.F.R. § 1.6041–3(c). Appellee also did not send 1099–INT forms to two entities that should have received them.

In 1994, several events occurred which interfered with Appellee's operation: three of Appellee's six shareholders seized control of management ("Unauthorized Management"), Appellee filed its petition under Chapter 11 of the Bankruptcy Code, and one of the ousted shareholders filed a Motion to Dismiss the Chapter 11 case claiming Unauthorized Management lacked authority to file the bankruptcy case. Additionally, disruptions due to the bankruptcy case occurred,

year end financial reports became due and Appellee's largest creditor sought the appointment of a Chapter 11 trustee. Finally, on March 9, 1995, Unauthorized Management was removed and Appellee's largest creditor agreed to the appointment of a third party examiner in lieu of a trustee. During the course of all these distractions, and before it was removed, Unauthorized Management intentionally decided that the employees in the accounting department should not prepare the 1994 Returns and instead assigned other projects. Within one month of Unauthorized Management's removal and within 10 days of notification by the IRS of its failure to file, Appellee filed its 1994 returns.

*Analysis*

■ As the Bankruptcy Court and Appellant both state, the only issue in this case is whether Appellee intentionally disregarded its duties with respect to filing the 1993 and 1994 returns. (R. 15 at 8, Dkt. 9 at 7.)[4] In this case, the burden of proof lies with Appellee, which must prove that it did not intentionally disregard the filing requirements. *Cramer v. C.I.R. Service*, 64 F.3d 1406, 1414 (9th Cir.1995); *Hansen v. C.I.R.*, 820 F.2d 1464, 1469 (9th Cir.1987); *Marcello v. C.I.R.*, 380 F.2d 499, 506–07 (5th Cir.1967).

Intentional disregard is defined as "knowing or willful i) failure to file timely, or ii) failure to include correct information." 26 C.F.R. § 301.6721–1(f)(2). The regulations further state that "[w]hether a person knowingly or willfully fails to file timely or fails to include correct information is determined on the basis of all the facts and circumstances in the particular case." *Id.* Factors to consider in determining intentional disregard include, but are not limited to:

(i) Whether the failure to file timely or the failure to include correct information is part of a pattern of conduct by the person

---

the Bankruptcy Court's facts and summarizes them herein for ease of reference. (R. 15 at 1–8.)

2. As stated in the Bankruptcy Court's Amended Order, "[f]orms 1099, both 1099–INT and 1099–MISC, inform parties of the amount of compensation or interest income received during the previous tax year ... and are due by January 31 of the year after the applicable tax year." (R. 15, at 9–10.) *See* 26 U.S.C. § 6041(d).

3. Generally, 1099–MISC forms are sent only to individuals. 26 C.F.R. § 1.6041–3(c).

4. For the sake of clarity, the Bankruptcy Record on Appeal is designated by "R." and the District Court Docket as "Dkt."

who filed the return of repeatedly failing to file timely or repeatedly failing to include correct information;

(ii) Whether correction was promptly made on discovery of the failure;

(iii) Whether the filer corrects a failure to file or a failure to include correct information within 30 days after the date of any written request from the Internal Revenue Service to file or correct; and

(iv) Whether the amount of the information reporting penalties is less that the cost of complying with the requirement to file timely or to include correct information on an information return.

26 C.F.R. § 301.6721–1(f)(3).

## I. *1993 Filings*

### A. The 1099–MISC Forms

Appellant claims that the Bankruptcy Court wrongly held that Saldutti's mistaken belief that she did not have to send 1099–MISC forms to corporations did not constitute intentional disregard of the filing requirements. (Dkt. 9 at 9.) Because the requirement should have been obvious had Appellee exercised reasonable care, Appellee allegedly was reckless in trusting its tax filing to inexperienced employees. *Id.* at 12. Additionally, Appellant claims that Appellee is escaping penalty by blaming its employee. *Id.* at 13. Appellant's claims, with regard to the 1993 1099–MISC forms, are without merit.

■ Appellee's decision not to send 1099–MISC forms to corporations was not "knowing or willful", but merely the result of a mistake. Considering the fact that 1099–MISC's are sent typically only to individuals, Saldutti's mistaken decision not to send them to corporations is understandable. 26 C.F.R. § 1.6041–3(c). When a taxpayer makes a good faith effort to comply with tax regulations, intentional disregard penalties are less likely to be upheld. *Crowd Management Services, Inc. v. United States,* 889 F.Supp. 1313, 1317 (D.Or.1995); *see also Erickson v. Commissioner,* 172 B.R. 900 (Bankr.D.Minn. 1994). Additionally, harsh penalties should not be assessed "if a tax payer is 'misguided and unsophisticated in the realm of tax law,'

and acts in good faith." *Hansen,* 820 F.2d at 1469, quoting *Haman v. Commissioner,* 500 F.2d 401, 403 (9th Cir.1974). Appellee made a good faith effort to comply with the tax law and failed to do so only because of Saldutti's mistake. Accordingly, Appellee is not guilty of knowingly or willfully failing to send the 1099–MISC forms to corporations.

■ Appellant claims that intentional disregard penalties are justified because it took Appellee five months to correct the 1993 returns. (Dkt. 9 at 15.) One of the factors considered in determining if intentional disregard penalties are appropriate is "[w]hether correction was promptly made on discovery of the failure." 26 C.F.R. § 301.6721(f)(3). While five months did pass before Appellee filed its corrected returns, this delay was because Appellee hired expert assistance to review their 1993 filing. The regulations provide that the Court must take into account "all the facts and circumstances of a particular case." 26 C.F.R. § 301.6721(f)(2). Considering that the additional time was used to acquire assistance in complying with the law, Appellee's response was sufficiently prompt under the circumstances. The Bankruptcy Court was correct in assessing lesser fines instead of intentional disregard penalties.

Although Appellee is not guilty of intentional disregard concerning the 1993 1099–MISC forms, Appellee's conduct is not being "excused" from penalty as Appellant alleges. (Dkt. 9 at 13.) Appellant quotes *Conklin Brothers of Santa Rosa, Inc. v. United States,* 986 F.2d 315, 318 (9th Cir.1993), as supporting its contention that Appellee is being allowed to escape penalty. *Conklin Brothers* states that "[a] corporation acts only through its agents and employees and may not rely upon those agents or employees, acting within their scope of authority, to escape responsibility for the nonperformance of nondelegable tax duties." *Id.* However, not only does *Conklin Brothers* not involve intentional disregard penalties, but Appellee in the present case is not escaping responsibility. Appellee, as it admits, must still pay the lesser penalty for incorrect filing. The Bankruptcy Court correctly held that Appellee did not knowingly or willfully fail to send

the 1993 1099–MISC forms because of Sal-dutti's mistake.

### B. The 1099–INT Forms

■ As the Appellant points out, it appears that the Bankruptcy Court did not address the issue of intentional disregard in relation to the 1993 1099–INT forms. (Dkt. 9 at 17.) Rule 8013 of the Federal Rules of Bankruptcy Procedure states that a district court may remand a bankruptcy judge's order for further proceedings. Accordingly, this case is remanded for determination of the 1993 1099–INT issue.

### II. *1994 Filings*

Appellee made a conscious decision not to prepare the 1099 forms for 1994 due to several substantial reasons. In response to the Bankruptcy Court's denial of intentional disregard penalties for the 1994 filings, Appellant asserts that financial hardship is not an excuse for willfully failing to comply with filing requirements. (Dkt. 9 at 21.); *See Emshwiller v. United States*, 565 F.2d 1042, 1045 (8th Cir.1977); *Sorenson v. United States*, 521 F.2d 325, 328 (9th Cir.1975); *Newsome v. United States*, 431 F.2d 742, 745 (5th Cir.1970). Additionally, Appellant cites a Committee Report which states that "payers who are required to file large number of information returns or payee statements . . . [and] . . . ignore the requirements to do so . . . as a 'cost of doing business' . . . . should be subject to the higher penalties (without caps) that apply to cases of intentional disregard." (Dkt. 9 at 20–21.); Committee Reports on P.L. 101–239 (Omnibus Budget Reconciliation Act of 1989), 14 CCH ¶ 41,010 at 67,867.

As the case law and Committee Report suggest, if Appellee had intentionally neglected to file information returns solely for financial gain, the Court would be inclined to agree with penalties for intentional disregard. However, Appellee suffered from a myriad of problems that hindered it from complying. It is these additional problems

and Appellee's prompt filing of the 1994 information returns under the circumstances that counsel against imposing intentional disregard penalties.

■ As stated earlier, the Court must consider "all of the facts and circumstances" of the case in determining if intentional disregard penalties are appropriate. 26 C.F.R. § 301.6721–1(f)(2). During the time when the 1994 filings were due, Appellee was taken over by Unauthorized Management, filed for bankruptcy, fought an ousted shareholder's Motion to Dismiss the bankruptcy petition, had year-end reports due, and had its largest creditor seek appointment of a trustee in the bankruptcy case. These events, combined with bouncing checks and endless vendor and customer calls resulting from the bankruptcy, undoubtedly resulted in chaos. Given all the facts and surrounding circumstances, Appellee's decision to assign lower priority to the completion of the 1994 returns, while not excusable, is understandable.

Despite all of the events consuming Appellee's time and efforts, Appellee filed the 1994 Returns within a month after Unauthorized Management was removed and within ten days of Appellant's notification to file the Returns. One of the factors to consider in determining intentional disregard is "[w]hether the filer corrects a failure to file . . . within 30 days after the date of any written request from the Internal Revenue Service to file." 26 C.F.R. § 301.6721–1(f)(3). Appellee filed the 1994 returns within 10 days of the IRS's notification. Appellee made a decision not to file the 1994 returns, but the facts and the surrounding circumstances make assessing intentional disregard penalties for this decision inappropriate. Accordingly, the Bankruptcy Court's imposition of lesser fines in regard to the 1994 filings is affirmed.[5]

### *Conclusion*

The Bankruptcy Court's decision regarding Appellee's incorrect 1993 filing of the 1099–MISC forms is affirmed. Intentional disregard penalties should not be assessed

---

**5.** The Court does not rely on a "flagrant and egregious" standard in affirming the Bankruptcy Court's denial of intentional disregard penalties. Accordingly, deciding whether the Bankruptcy

Court correctly relied on a "flagrant and egregious" standard or whether the Bankruptcy Court in fact used that standard is not necessary. (Dkt. 9 at 6.)

because of Saldutti's mistake. The Bank-ruptcy Court's denial of intentional disregard penalties for the 1994 filings is also affirmed. Considering the events surrounding the 1994 filings, the imposition of intentional disregard penalties is not appropriate. However, it does appear that the Bankruptcy Court failed to address the issue of intentional disregard concerning the 1993 1099–INT forms. Accordingly, this case is remanded for determination of that issue.

Based on the foregoing, it is ordered as follows:

1. The Bankruptcy Court's decision denying intentional disregard penalties relating to the 1993 1099–MISC forms and the 1994 filings, Dkt. 9 at 9, 18, is AFFIRMED.

2. This case is REMANDED to the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, case number 95–00315–6J1, for determination of Appellant's claim regarding intentional disregard penalties for the 1993 1099–INT forms. (Dkt. 9 at 17.)